# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1753 | **DATE** | 5/3/2012 |
| **CASE TITLE** | David Robert Bentz (S-03210) vs. Salvador Godinez, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint in accordance with this order within 30 days of the date of this order. The clerk shall send Plaintiff an amended civil rights complaint form, along with a copy of this order. Plaintiff's failure to comply with this order will result in summary dismissal of this case. His motion for the appointment of counsel [16] is denied without prejudice. Plaintiff's motion for modification of the Southern District's order granting him *in forma pauperis* status [15] is denied; however, the Court directs the trust fund officials to forward payments of the filing fee for this case to this Court. Plaintiff's motion for injunctive relief [17] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff David Bentz, an inmate currently incarcerated at the Menard Correctional Center, filed this 42 U.S.C. § 1983 action against 45 Stateville and Illinois Department of Corrections officers and officials. The case was filed in the Southern District of Illinois, which granted Plaintiff's motion to proceed *in forma pauperis*. This Court thus needs to conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, but need not address Plaintiff's motion to proceed IFP, except to direct trust fund officials at Menard to forward deductions from Plaintiff's account to this Court.

Having conducted its preliminary review of the complaint, it cannot proceed forward for several reasons. The complaint concerns several unrelated events that occurred at Stateville Correctional Center in 2010. Plaintiff alleges that, in March 2010, he notified Stateville officers that he was having problems with his cellmate; he was told that he could not be moved unless they were fighting. Plaintiff was later wrongly accused of hitting his cellmate when in fact his cellmate began the altercation. Plaintiff states that he was wrongly disciplined for the incident and was not allowed to present evidence at the disciplinary hearing. Plaintiff was sentenced to a period of time in segregation, the conditions of which Plaintiff alleges were unconstitutional (broken window in cell, missed meals, lack of cleaning supplies, pest infestation, unsafe light switch that shocked Plaintiff). Plaintiff wrote grievances about the conditions and then wrote grievances about the inadequate responses he received. Plaintiff also filed grievances about privileged mail being read, and then filed grievances about inadequate responses to those grievances.

"Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (although a plaintiff may bring unrelated claims against the same defendant, he may not join unrelated claims against different ones). In order to proceed with this suit, Plaintiff should assert only related claims. Additionally, Plaintiff need not include every officer or IDOC official to whom he complained. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (not everyone who knows about a prisoner's problem is subject to § 1983 liability). Plaintiff's naming of 45 Defendants includes numerous parties who had no personal involvement with the constitutional violations Plaintiff alleges. If Plaintiff chooses to proceed with this suit, he must submit a complaint that names only those parties who were actually involved, as opposed to every person to whom he wrote and informed of certain conditions.

Additionally, Plaintiff's allegations do not to state a valid § 1983 claim against many of the Defendants. Plaintiff's contentions that a number of Stateville and IDOC officials either did not address or improperly denied grievances do not state a claim. There is no constitutional right to a prison's grievance system; nor does the existence of a prison grievance system give rise to protected liberty interest to use such a system. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001).( "A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate"); see also § 1997e(b) ("the failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action").

Nor did the conditions of Plaintiff's segregation confinement appear to rise to the level of a constitutional violation. *See Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008) (the Constitution requires that detainees be housed under "humane conditions" and provided with "adequate food, clothing, shelter, and medical care"). In *Sain*, the court concluded that cell conditions of peeling paint, foul odor, lack of air-conditioning, and bug infestation did not state a § 1983 claim. In *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995), the court held that temporary confinement to cell with light fixture with live wires near bed causing occasional shocks, though an "unpleasant experience," did not rise to the level of a constitutional violation.

With respect to Plaintiff's claims that his legal mail was opened several times outside of his presence, the occasional opening of mail does not amount to a constitutional violation; rather, Plaintiff must demonstrate a systematic pattern or practice with interference with mail. *Lieberman v. Budz*, No. 03 C 2009, 2009 WL 1437609, at *12 (N.D.Ill. May 20, 2009) (Gettleman, J.); *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).

Accordingly, the complaint is dismissed without prejudice to Plaintiff filing an amended complaint that states valid claims of constitutional violations and that names as Defendants only those officers and officials personally involved with such violations. Plaintiff is given 30 days from the date of this order to submit such an amended complaint. He is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and Defendants in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and submit an original, a judge's copy, and a service copy for each Defendant. All copies must be submitted to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional amended complaint forms if needed to provide the Court with a sufficient number of copies. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case at this time are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff has filed a motion asking this Court to direct Menard trust account officials to not deduct filing fee payments for this case at the same time as deductions are made for the filing fee for Plaintiff's other case(s). This Court cannot grant such relief. The Prison Litigation Reform Act requires an inmate to pay for each case he files and sets forth the formula by which deductions are to be made. *See* 28 U.S.C. § 1915(b)(2). Nowhere is there a provision allowing for the staggering of filing fee deductions from an account. *See generally* § 1915.

Lastly, Plaintiff has filed a motion for injunctive relief because, in response to Plaintiff telling several officers of a court deadline in another case, the officers refused Plaintiff's requests for copies, a notary, and a money voucher, and instead conducted a search of his cell. Plaintiff further alleges that officers threatened to beat him if he did not drop his lawsuits. To succeed on a motion for preliminary injunctive relief, Plaintiff must show: (1) a reasonable likelihood of success on the merits of his case; (2) that no adequate remedy at law exists; and (3) he will suffer irreparable harm if an injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Even if such a showing is made, a court must consider the public interest in denying injunctive relief. *Id.* Plaintiff's motion for injunctive relief concerns events at Menard Correctional Center, which are unrelated to the claims of the instant suit, which concerns events at Stateville. Plaintiff may attempt to bring a new suit about these events at Menard in the Southern District of Illinois; however, he may not proceed with such claims here.