**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID ROBERT BENTZ (S-03210),** | |
| Plaintiff, | Case No. 12 C 1753 |
| v. | Hon. Harry D. Leinenweber |
| **SALVADOR GODINEZ,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff David Bentz, an inmate currently incarcerated at the Menard Correctional Center, has filed an Amended Complaint as instructed by this Court in its May 7, 2012, order. Although Plaintiff has reduced the number of Defendants from 45 to 28, as well as the number of allegations from 122 to 108, his Amended Complaint does not sufficiently cure the problems that existed with his original Complaint and cannot proceed for several reasons.

Not only does the Amended Complaint assert unrelated claims against different defendants, it is not clear how each defendant was involved. Under FED. R. CIV. P. 8(a), a plaintiff must provide "a short and plain statement" of his claim. Additionally, "[u]nrelated claims against different defendants" must be brought in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (although a plaintiff may bring unrelated claims against the

same defendant, he may not join unrelated claims against different ones).

Like his original Complaint, his Amended Complaint asserts essentially three sets of claims: (1) his requests to be separated from his unsanitary cellmate were ignored by officers; (2) Plaintiff was unfairly disciplined for fighting with his cellmate, who started the fight; and (3) Plaintiff had to endure unconstitutional conditions in segregation, where he was confined for four (4) months after being disciplined.

Plaintiff alleges the following in his Amended Complaint. Beginning on or around March 5, 2010, he began requesting to be moved out of his cell because his cellmate was unsanitary to the point that there was a risk of a fight occurring between them. According to Plaintiff, his cellmate never bathed or changed his clothes; did not always use the toilet to defecate; excessively masturbated into his sheets, but never cleaned or changed them; and spat at and threw urine at Plaintiff. Plaintiff states that he submitted request slips to be moved to four or five officers. Most of his allegations about his requests to be moved involve Officer Zernike ("Zernike"), who allegedly told Plaintiff that his cellmate had not gotten along with any of his prior cellmates, but that neither would be moved unless there was a physical fight. Plaintiff's cellmate also asked to be moved and apparently also heard that such would not occur unless they fought. On March 9,

2010, the cellmate allegedly started a fight by whipping Plaintiff with a cable cord. Although Plaintiff had a broken hand, he was able to grab the cable cord away from the cellmate with the other hand.

The cellmate then reported that Plaintiff had started a fight and the cellmate submitted a complaint to Internal Affairs. Plaintiff was accused of attacking the cellmate and hitting him in the eye. Even though such was allegedly not possible due to Plaintiff's broken hand, he was found guilty on March 12, 2010. Plaintiff states that he unsuccessfully attempted to submit written statements to the Adjustment Committee, and he suspects that Adjustment Committee Members Johnnie Franklin and Laundria Dennis (both African-American) discriminated against him because he is Caucasian. Plaintiff was subsequently moved from an investigatory segregation cell to another segregation cell.

Plaintiff's segregation cell, where he was housed for several months, allegedly had a broken window, a ceiling that leaked, roaches, rust, peeling paint, burned out electrical sockets, exposed light fixtures, and inadequate cold water from the sink. Plaintiff states that officers came to inspect his cell on May 11, 2010, but told Plaintiff that there was nothing wrong with the cell, though a work order was later issued to fix the window. As of June 15, 2010, the window was still not fixed and Plaintiff personally told Warden Marcus Hardy and Assistant Warden Randy

Pfister. In May and June 2010, Plaintiff was shocked when turning on a light. On June 5, 2010, Plaintiff did not receive a food tray for one his meals. In September 2010, Plaintiff was twice assaulted by his former cellmate. One time the cellmate came to Plaintiff's cell and spat on him; another time the cellmate threw urine at him.

Also in September, Plaintiff was the victim of a fight or riot in the prison yard when different gang members were allowed to be in the yard at the same time. Although Plaintiff submitted grievances about the yard incident and about his former cellmate spitting on him and throwing urine at him, the grievances were never processed.

## II. **DISCUSSION**

As previously noted, not all the above-described claims are related, and they involve different defendants. Plaintiff may not join unrelated claims against different defendants. *George*, 507 F.3d at 607. His claims that officers refused his requests to separate him and his cellmate, as well as the claims that he was unable to present evidence at his disciplinary hearing may be related; but these claims are unrelated to the conditions of his segregation confinement. Additionally, while Plaintiff may include as many defendants who acted with deliberate indifference to Plaintiff's situation (*i.e.*, officers who were actually aware of a serious risk of harm or unconstitutional condition but disregarded

it), not every person who knows of an unconstitutional situation is liable. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Rather, only those persons who were in a position to remedy the situation in some way may be held responsible. *Burks*, 555 F.3d at 595-96.

Accordingly, the Amended Complaint is dismissed without prejudice. If Plaintiff seeks to bring all his claims, he should submit another Amended Complaint in this case with related claims and a separate Complaint, with another *in forma pauperis* application, for his other claims. Plaintiff should name as defendants only those persons who were personally involved with the claims raised in each suit. Plaintiff is given thirty (30) days from the date of this order to submit such an amended complaint. The Court additionally notes, as recently stated by the Seventh Circuit, that "[t]he more claims and defendants in a complaint, the longer screening will take" *Wheeler v. Wexford Health Sources, Inc.*, --- F.3d ---, 2012 WL 2999967 at *2 (7th Cir. July 23, 2012).

Plaintiff is advised that an Amended Complaint replaces a previously filed Complaint and must stand complete on its own. The Court will refer only to the Amended Complaint, and not to prior Complaints, to determine the claims and defendants in this case. Plaintiff must write both the case number and the judge's name on the Amended Complaint and submit an original, a judge's copy, and a service copy for each defendant. All copies must be submitted to

the Prisoner Correspondence.  Plaintiff is advised to keep a copy for his files, and he may request additional complaint forms if needed.  Plaintiff is further advised that the limitations period for § 1983 claims in Illinois is two (2) years, not including the time that grievances concerning the claims were pending.  *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001).  While an amended complaint in this case may relate back to the date the original complaint was filed, a new complaint beginning a new suit may not.

### III.  **CONCLUSION**

For the reasons stated herein, Plaintiff's Amended Complaint [21] is dismissed without prejudice to him submitting another amended complaint in accordance with this order within thirty (30) days of the date of this Order.  The Clerk shall send Plaintiff an Amended Civil Rights Complaint form, along with a copy of this Order.  Plaintiff's failure to comply with this Order will result in summary dismissal of this case.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

**DATE:** 9/5/2012