# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1753 | **DATE** | 12/27/2012 |
| **CASE TITLE** | David Robert Bentz (S-03210) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for further explanation of its September 5 and November 8, 2012, orders [33]. This order clarifies those orders. Plaintiff's second amended complaint [31] may proceed against Stateville Officers Zernike, and Palmer. These Defendants are directed to respond to Plaintiff's first claim in this complaint – that Plaintiff was forced to share a cell with an unsanitary cellmate, which allegedly posed a threat to his safety. The clerk shall issue summonses for service of the second amended complaint on Zernike and Palmer. Plaintiff's second claim – that disciplinary proceedings, which followed a fight between Plaintiff and his cellmate, were unfair and discriminatory – is dismissed with prejudice. Plaintiff's third claim – that he endured unconstitutional conditions of confinement while in segregation – is dismissed from this case without prejudice, but shall be the basis of another suit in this Court. The clerk is directed to: (1) open a new case, using the second amended complaint [31] as the complaint, (2) include a copy of this order with the second amended complaint or as a separate entry in the new case, and (3) list as Defendants Warden Hardy, Assistant Warden Pfister, Counselor C. Harris and Officers Robinson and Kovack. Once the case is opened, the clerk shall send Plaintiff an *in forma pauperis* application. Plaintiff will have 30 days from the date the IFP application is sent to either submit a completed application or prepay the $350 filing fee; his failure to do so will result in dismissal of the newly opened case. Plaintiff's motions for the appointment of counsel [35] and for an extension of time [34, 36] are denied. All Defendants, except for the seven discussed above, are dismissed.

■[ For further details see text below.]             Docketing to mail notices.

## STATEMENT

       On September 5, 2012, this Court dismissed Plaintiff's amended complaint without prejudice to filing another complaint that stated only related claims and that included only Defendants personally involved with those claims. The Court noted in that order that Plaintiff had named 28 Defendants and had raised at least three sets of claims: (1) deliberate indifference with not separating Plaintiff and his cellmate, (2) unfair procedures and discrimination with disciplinary proceedings after Plaintiff and his cellmate fought, and (3) unconstitutional conditions of confinement in segregation. Observing that only the first two claims appeared related and that not every person who had knowledge of Plaintiff's circumstances could be liable, the Court requested that Plaintiff submit another amended complaint to comply with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (although a plaintiff may bring unrelated claims against the same defendant, he may not join unrelated claims against different ones), as well as *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (not every person with knowledge of a constitutional violation is liable). On November 8, 2012, the Court received a second amended complaint that again listed numerous defendants and that asserted three claims. On November 8, 2012, the Court dismissed the second amended complaint, allowed Plaintiff to submit another amended complaint, and stated that he should raise only one of his three claims. The November 8, 2012, order arguably contradicts the Court's September 5, 2012, order.

       Currently before the Court are Plaintiff's motions for an explanation of the two orders, for more time to file a third amended complaint, and for the appointment of counsel to assist Plaintiff. The Court having re-reviewed the second amended complaint, Plaintiff may proceed with this complaint for his first claim – that he was forced to share

a cell with an unsanitary cellmate and was told that they would be separated only if they fought, thus encouraging the cellmate to instigate a fight. His second claim – unfair disciplinary proceedings which resulted with finding him guilty and imposing segregation and a revocation of good conduct time – fails to state a claim upon which this Court can grant relief and is dismissed. His other claim, that the conditions in segregation were unconstitutional, is unrelated to his first claim and must be brought in a separate suit.

Briefly summarized, the second amended complaint alleges the following. On March 5 and 7, 2010, Plaintiff asked three officers (the housing unit lieutenant (name unknown), Officer Garcia, and Counselor Johnson, neither of whom are listed as Defendants) to separate Plaintiff and his cellmate Martin Cieciura. According to Plaintiff, his cellmate never bathed nor changed his clothes; spat everywhere in the cell but the toilet; and excessively masturbated into his sheets, but never cleaned or changed them. On March 7, 2010, while Cieciura was in the shower, Plaintiff spoke with Officer Zernike about the situation and asked if Plaintiff or his cellmate could be moved. Zernike allegedly expressed knowledge of the cellmate's behavior (referred to him as a "bug"), but responded that neither would be moved unless there was an emergency such as a fight. Plaintiff gave Zernike a note to give to Officer Palmer, requesting to be moved. On March 8, 2010, Plaintiff and Cieciura both asked another officer to be separated. On March 9, 2010, Plaintiff was awakened by Cieciura whipping him with a cable cord. After Plaintiff yanked the cord from Cieciura, Cieciura placed the cord outside the chuckhole of the cell with a note indicating that the two had fought.

A disciplinary ticket was issued against Plaintiff for fighting, even though he had explained to an investigator that Plaintiff had a broken right hand and could not have hit Cieciura. Plaintiff states that Adjustment Committee Members Franklin and Dennis refused to submit this evidence. Plaintiff states that Franklin and Dennis may have been racially biased against Plaintiff because he is white. Purportedly based upon the fact that Cieciura had a black eye (which Plaintiff states existed at the time they were roomed together) and a welt on his forehead (which Plaintiff states occurred when he yanked the cord from him), Plaintiff was found guilty of assaulting Cieciura. On March 23, 2010, Plaintiff was sentenced to six months segregation and the loss of six months good time credit. Cieciura was released from investigatory segregation at that time. Plaintiff also names several supervisory officials for concurring with the disciplinary decision.

Plaintiff alleges that his segregation cell had the following conditions: cold water that only drizzled from the faucet; a roach infestation; inadequate heat; a window that would not close, thus allowing in cold air and rain, as well as hot air in the summer; a leaky ceiling; peeling paint and plaster; excessive rust throughout the cell; exposed light switch and outlet; and inadequate clothing. Plaintiff lists 17 officers he allegedly informed (either about all the events discussed above or about only the conditions in segregation); however, only five of these officers allegedly visited the cell or directly communicated with Plaintiff about its conditions. He states that he spoke to Warden Marcus Hardy and Assistant Warden Pfister about the conditions, but both refused to do anything. Plaintiff further alleges that Officers Robinson and L. Kovack inspected his cell but indicated that nothing was wrong with it. Plaintiff states he filed a grievance about the conditions with Counselor C. Harris, who allegedly did nothing.

As to the first claim, although it is unclear how long Plaintiff and Cieciura were celled together, his description of the conditions created by Cieciura may establish an unconstitutional condition of confinement, *see Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (inmates are constitutionally entitled to adequate sanitary conditions). Additionally, officers' refusal to separate the two inmates may establish a claim that Plaintiff's right to be protected against a known substantial risk of harm was violated. *Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011). Plaintiff may thus proceed with his first claim, and the clerk shall issue summonses for the Defendants listed for this claim, Officers Zernike and Palmer. These Defendants need to respond only to allegations in Claim I.

## STATEMENT

Plaintiff's second claim, however, fails to state a claim upon which this Court can grant relief. "[When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding applies to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. This Court thus cannot consider allegations of constitutional violations with Plaintiff's disciplinary proceedings, unless and until the disciplinary decision and penalties have been invalidated either on direct review or through a petition seeking habeas corpus relief. Accordingly, this claim is dismissed.

As to Plaintiff's third claim – that the conditions in segregation were unconstitutional – the claim is separate from Plaintiff's claim concerning his cellmate Cieciura and do not involve the same Defendants. Although he indicates that 17-18 Defendants were aware of the conditions in segregation but refused to remedy them, as previously noted, "[not] everyone who knows about a prisoner's problem must pay damages." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Plaintiff's broad contention that numerous parties were aware of segregation conditions but did not resolve them amounts to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" which are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This claim may proceed against Defendants Hardy, Pfister, Robinson, Kovack, and Harris, who Plaintiff alleges he made personally aware of the conditions; however, the other Defendants listed for this claim are dismissed.

Because Plaintiff's segregation conditions claim is unrelated to his claim involving his cellmate Cieciura, and involves different Defendants, these claims belong in separate suits. The clerk is directed to open a new case for the segregation conditions claim, using Plaintiff's second amended complaint [31] as the complaint and listing as Defendants Hardy, Pfister, Robinson, Kovack, and Harris. Plaintiff will have to either pay the $350 filing fee or submit another *in forma pauperis* application.

The clerk shall issue summonses for service of the second amended complaint [31] on Defendants Stateville Officers Zernike and Palmer. The U.S. Marshal is directed to serve these Defendants. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If Defendants are no longer associated with Stateville, officials there shall provide the Marshal with information as to where they may be served. Address information shall be used only to effect service and shall not be kept in the court file nor divulged by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff's reason for an attorney was to assist with the filing of an acceptable complaint, which is mooted by this order. Also, although Plaintiff's pleadings have been complex, at the current time, neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).